UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PRAETORIAN SPECIALTY**<br>**INSURANCE COMPANY** | * | **CIVIL ACTION NO:** |
| **Plaintiffs** | * | **SECTION** |
| | * | **JUDGE** |
| **VERSUS** | | |
| | * | **MAGISTRATE** |
| **McMATH CONSTRUCTION, INC.,**<br>**REPUBLIC UNDERWRITERS**<br>**INSURANCE COMPANY** | * | |
| **Defendants** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Praetorian Specialty

Insurance Company ("Praetorian"), which respectfully shows as follows:

1.

The "Defendants" are:

    A. McMath Construction, Inc. ("McMath"), a corporation organized and

        formed in Louisiana, with its principal place of business in the State of

        Louisiana; and

    B. Republic Underwriters Insurance Company ("Republic"), a Texas

        corporation with its principal place of business in Texas.

2.

Praetorian is a Delaware corporation with its principal place of business in the State of New York.

3.

This suit concerns potential coverage by Praetorian for losses under an insurance policy issued to McMath.  McMath seeks coverage and/or defense costs for a property damage claim for which Praetorian denies coverage, all as discussed in more detail below.

4.

Praetorian issued, from its managing general agent's office in Shreveport, Louisiana, commercial general liability policy number PSILA0001348 to McMath for the policy period March 14, 2007 through March 14, 2008 (hereinafter, the "Praetorian policy").  Praetorian specifically pleads the terms of the Praetorian policy as if set forth herein *in extenso*.

5.

The Praetorian policy was issued, and has at all times been administered, in Shreveport, Caddo Parish, Louisiana, through the offices of Deep South Surplus, Inc., a managing general agent in Louisiana for Praetorian.  The original application for the policy was received, and the policy rated, underwritten, approved and processed in Shreveport.  The policy was executed, or bound, in Caddo Parish, Louisiana.  Deep South's President and General Manager countersigned the policy on behalf of Praetorian

in Shreveport.  Praetorian's coverage decisions regarding the underlying claim were made in Shreveport. Venue is, therefore, proper in the United States District Court for the Western District of Louisiana.

6.

Fairhope Development, LLC ("Fairhope") asserted a claim against McMath in arbitration in Alabama (hereinafter, the "Underlying Claim").  In the Underlying Claim, Fairhope alleges that McMath negligently installed and/or constructed its office condominium project, known as "Pelican Square."   Specific allegations regarding the McMath's wrongdoing include the following:

- Negligently failing to install components of the structure, including concrete, exterior wall system, roofing system, waterproofing, etc.

- Negligent installation and application of materials.

- Negligent installation and/or inspection of building components.

7.

Fairhope claims that as a result of the alleged defects in Pelican Square, it has been caused and will be caused in the future to expend monies to correct the deficiencies. Upon information and belief, Fairhope has asserted settlement demands against McMath in excess of $200,000, exclusive of interest and costs.

8.

Based on the above and foregoing, the amount in dispute in the Underlying Claim, together with defense costs associated with said claim, all of which is being claimed from Praetorian, exceed $75,000, exclusive of interest and costs.

**CAUSE OF ACTION NO. 1 – DECLARATORY RELIEF AGAINST MCMATH**

9.

The Praetorian policy provides no coverage for any of the losses or claims referred to in the Underlying Claim, for all the reasons set forth below.

10.

The policy's insuring agreement states that the insurer will pay those sums that the insured becomes legally obligated to pay "as damages" because of "property damage" that is caused by an "occurrence."

11.

The term "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

12.

The term "property damage" is defined to mean "physical injury to tangible property, including all resulting loss of use of that property," and "loss of use of tangible property that is not physically injured."

13.

Under the policy's insuring agreement, the insurance only applies if the property damage first manifests during the policy period. The insurance does not apply to property damage that is continuous or progressively deteriorating and that first manifests prior to the effective date of the policy or after the expiration of the policy, even if such injury or damage continues or deteriorates during the time of the policy.

14.

No insurance is afforded and/or no defense is owed to McMath under the policy to the extent the losses and damages alleged in the Underlying Claim fall outside the aforementioned terms of the insuring agreement.

15.

Further, the policy contains, in relevant part, certain exclusions. These exclusions include an expected or intended injury exclusion, a contractual liability exclusion, a damages to property exclusion, work/product exclusions, a damage to impaired property exclusion, a professional services exclusion, a mold exclusion, and a EIFS exclusion.

16.

The expected or intended injury exclusion in the policy provides that the coverage does not apply to "'property damage' expected or intended from the standpoint of the insured."

17.

The contractual liability exclusion in the policy provides that the coverage does not apply to "'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

18.

The damages to property exclusion, j(2), provides that the insurance does not apply to "[p]remises you sell, give away or abandon, if the 'property damage' arises out of any part of those premises."  This exclusion does not apply if "the premises are 'your work' and were never occupied, rented or held for rental by you."

The damages to property exclusion, j(5), provides that the insurance does not apply to "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations[.]"

Under exclusion j(6), the insurance also does not apply to "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

19.

The "your product" exclusion in the policies provide that the insurance does not apply to "'property damage' to 'your product' arising out of it or any part of it."

6

20.

The "your work" exclusion in the policies provides that the insurance does not

apply to "'property damage' to 'your work' arising out of it or any part of it and included

in the 'products-completed operations hazard.'"

21.

The "damage to impaired property or property not physically injured" exclusion

provides that the policies do not apply to "property damage" to "impaired property" or

property that has not been physically injured, arising out of "(1) a defect, deficiency,

inadequacy or dangerous condition in 'your product' or 'your work'; or (2) a delay or

failure by you or anyone acting on your behalf to perform a contract or agreement in

accordance with its terms."

22.

The fungi or bacteria exclusion (or, mold exclusion), states in pertinent part that

the insurance does not apply to:

    a.   "Bodily injury" or "property damage" which would not have occurred, in
whole or in part, but for the actual, alleged or threatened inhalation of,
ingestion of, contact with, exposure to, existence of, or presence of, any
"fungi" or "bacteria" on or within a building or structure, including its
contents, regardless of whether any other cause, event, material or product
contributed concurrently or in any sequence to such injury or damage.

    b.   Any loss, cost or expenses arising out of the abating, testing for, monitoring,
cleaning up, removing, containing, treating, detoxifying, neutralizing,
remediating or disposing of, or in any way responding to, or assessing the
effects of, "fungi" or "bacteria", by any insured or by any other person or
entity.

23.

The professional services exclusion states that the insurance does not apply to any "bodily injury" or "property damage" due to the rendering of or failure to render any "professional service."

24.

The EIFS exclusion states that the insurance does not apply to damages arising out of a exterior insulation and finish system (EIFS).

25.

No insurance is afforded and/or no defense is owed to McMath under the policy because of the application of one or more of the above exclusions.

26.

The Praetorian policy contains certain condition precedents to coverage, which conditions are set forth, in pertinent part, in the section entitled "Duties in the Event of Occurrence, Offense, Claim or Suit."  This section states that:

a.   You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim.  To the extent possible, notice should include:

(1) How, when and where the 'occurrence' or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the 'occurrence or offense.

b.  If a claim is made or 'suit' is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or 'suit' and the date received; and

    (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or 'suit' as soon as practicable.

c.  You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit';

    (2) Authorize us to obtain records and other information;

    (3) Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'; and

    (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

27.

No coverage is available, and/or no defense is owed under the Praetorian policy because the insured failed to comply with one or more of the foregoing conditions precedent.

28.

McMath contends and/or will contend that it is entitled to indemnity and/or a defense with respect to the Underlying Claim under the Praetorian policy.

29.

An actual, present and existing controversy has arisen between Praetorian on the one hand, and McMath on the other, with respect to the existence and scope of

9

Praetorian's coverage, indemnity and defense obligations, if any, with respect to the Underlying Claim.  Praetorian desires a judicial declaration of their rights and duties, if any, under its policy.

## CAUSE OF ACTION NO. 2 – COMPLAINT FOR COMPENSATORY DAMAGES AGAINST REPUBLIC UNDERWRITERS

30.

Praetorian has paid and is paying for McMath's defense with respect to the Underlying Claim, under a reservation of rights.  The defense costs spent by Praetorian to defend McMath are substantial.  Praetorian is legally and/or conventionally subrogated to the rights of McMath to the extent of these paid defense costs.

31.

Upon information and belief, Republic Underwriters wrongfully breached its duty to defend McMath, which breach has directly caused damage to Praetorian.  Specifically, Praetorian has shouldered the burden of defending McMath against the Underlying Claim.

32.

Praetorian is entitled to contribution and/or indemnity from Republic Underwriters for defense costs expended by Praetorian to defend McMath, including all attorneys fees, arbitration costs and fees, deposition fees, expert fees, and all other costs Praetorian incurred to defend McMath against the Underlying Claim.

33.

To the extent Praetorian pays any judgment or arbitration award rendered against McMath for which Republic Underwriters is responsible, Praetorian is entitled to recoup these payments from Republic Underwriters through the principles of conventional subrogation, legal subrogation, contribution, and indemnity.

WHEREFORE, PRAETORIAN PRAYS that judgment be entered in its favor and against McMath and Republic Underwriters as follows:

1.  Declaring that the Praetorian policy does not afford coverage, indemnity or a defense for the matters alleged in the Underlying Claim;

2.  Declaring that Republic Underwriters wrongfully denied a defense to McMath, and that Republic Underwriters owes a duty to defend McMath against the Underlying Claim;

3.  Declaring that Republic Underwriters pay all damages sustained by Praetorian as a result of Republic Underwriters' wrongful denial of a defense and/or coverage to McMath; and

4.  Republic Underwriters pay all costs and interest to which plaintiff may be entitled.

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.

BY: s/ S. Michael Cooper
      Donald Armand, Jr., Bar No. 17444
      S. Michael Cooper, Bar No. 24057

400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone:  (318) 221-1800
Facsimile:  (318) 226-0390

ATTORNEYS FOR PRAETORIAN SPECIALTY
INSURANCE COMPANY